Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/31/2018 09:09 AM CDT

- 948 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CULLAN
Cite as 300 Neb. 948

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Joseph P. Cullan, respondent.
___ N.W.2d ___

Filed August 31, 2018.    No. S-18-441.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and
Papik, JJ.

Per Curiam.

## INTRODUCTION
On May 2, 2018, the Iowa Supreme Court filed an order
of public reprimand of the respondent, Joseph P. Cullan. The
Counsel for Discipline of the Nebraska Supreme Court, the
relator, filed a motion for reciprocal discipline against the
respondent. We grant the motion for reciprocal discipline and
impose the same discipline as the Iowa Supreme Court.

## FACTS
The respondent was admitted to the practice of law in the
State of Nebraska on July 1, 2001. The respondent is also a
member of the state bars of California and Arizona.

On May 2, 2018, the Iowa Supreme Court, through the Iowa
Supreme Court Attorney Disciplinary Board, issued an order of
public reprimand of the respondent in case No. 18-0434. The
respondent's case before the Iowa attorney disciplinary board
generally involved representing in an application for admission
pro hac vice that he had not been sanctioned in the past. In

- 949 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CULLAN
Cite as 300 Neb. 948

fact, the respondent had recently been sanctioned in two cases in the district court for Douglas County, Nebraska.

On May 4, 2018, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion,

- 950 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CULLAN
Cite as 300 Neb. 948

suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the Iowa attorney disciplinary board, we determine that public reprimand is appropriate. Our record includes a notice of the findings of the Iowa attorney disciplinary board which found that the respondent's "lack of care . . . went beyond mere negligence." We take the determination of misconduct as found in the Iowa public reprimand to be established herein. Accordingly, we grant the motion for reciprocal discipline and enter an order of public reprimand.

## CONCLUSION

The motion for reciprocal discipline is granted. The respondent is publicly reprimanded. The respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.